# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **WILLIS HORTON and CAROLE HORTON,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | **CV-09-BE-00634-M** |
| ] | |
| **FORETRAVEL OF TEXAS, INC.,** ] | |
| ] | |
| **Defendant.** ] | |
| ] | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiffs' "Motion to Remand" (doc. 6) and "Defendant's Opposition to Plaintiffs' Motion to Remand" (doc. 7). For the reasons stated below, the court will DENY the motion.

## I.  PROCEDURAL HISTORY

On February 27, 2009, Plaintiffs filed this case against Defendant Foretravel of Texas, Inc. and other fictitious defendants in the Circuit Court of Etowah County, Alabama. Plaintiffs' claims arise out of their purchase of a 2007 Foretravel Nimbus motorcoach, which was allegedly wrongfully repossessed after the dealer failed to pay the company that financed its inventory. Defendant Foretravel is the manufacturer of the Nimbus motorcoach. Plaintiffs claim, among other things, that Foretravel did business with the dealer in question, Big Chief's RV, and represented that Big Chief's RV was a "quality" dealer when it knew otherwise. The Complaint

includes five counts: Count One[1] (the only count without a title); Count Two (Negligence and Wantonness); Count Three (Fraud); Count Four (Unjust Enrichment); and Count Five (Outrage). The demands for judgment listed in Counts Two through Five do not ask for a specific amount but rather, demand "compensatory and punitive damages in an amount to be determined by the trier of fact, plus attorneys fees, interest, and costs." (doc. 1, at 8). In paragraph seven of the Complaint, however, Plaintiffs do list figures denoting the value of the repossessed Nimbus motorcoach: they purchased it for $475,000.00, by trading in their 1995 Foretravel Unihome with $113,000.00[2] of equity, and financing the unpaid balance. Paragraph seven reads as follows:

> On or about March 1, 2007, Plaintiffs bought from Big Chief's RV, the 2007 Foretravel Nimbus motorcoach for the amount of $475,000, by trading their 1995 Foretravel Unihome for $225,000.00, less amount owed of $112,00.00 to Commerce Bank, for a total of $133,000.00, which was applied to the purchase price, leaving an unpaid balance of $362,000.00, which Plaintiffs financed through Bank of America. Plaintiffs also traded a Harley Davidson motorbike and a Mercedes Benz automobile to reduce the unpaid balance.

(doc. 1, at 8). Approximately five months after the purchase, the dealer's financing company repossessed the motorcoach from the Plaintiffs.

The docket sheet indicates that Foretravel was served on March 5, 2009. On March 31, 2009, Defendant Foretravel of Texas, Inc. timely filed a "Notice of Removal" (doc. 1), basing its

---

[1] Count One, unlike the other counts, does not include a title or a demand, and lists facts that the other counts adopt. Consequently, Plaintiffs may have intended this section of the Complaint to be an introduction, with the other four counts setting forth four total theories of recovery; its designation as a separate count may well have been in error.

[2] Paragraph seven incorrectly lists $133,000 as the result of subtracting the amount owed on the Unihome ($112,000) from total value of the Unihome ($225,000); that figure should be $113,000. However, it correctly lists $362,000 as the figure obtained by subtracting the Plaintiff's equity in the Unihome ($113,000) from the Nimbus's purchase price ($475,000), so the $133,000 figure is obviously a typographical error.

claim of federal jurisdiction on diversity of citizenship. To establish the jurisdictional amount, Foretravel relied upon paragraph seven of the Complaint with its figures related to the purchase and financing of the Nimbus motorcoach, and further, upon the Complaint's *ad damnum* clauses demanding punitive damages. On May 15, 2009, more than thirty days after the removal, Plaintiffs filed a motion to remand (doc. 6), alleging that Foretravel has not met its burden of establishing the requisite jurisdictional amount. On May 20, 2009, Foretravel filed an opposition to the motion (doc. 7), asserting that the motion was untimely filed; and further, that the amount in controversy exceeds $75,000 and subject matter jurisdiction exists.

## II.  DISCUSSION

The motion to remand and the opposition to that motion raise two issues: (1) whether the motion to remand was timely filed; and (2) whether the Defendant met its burden to prove the requisite jurisdictional amount.

A.  Timeliness

Foretravel argues that Plaintiffs' motion is untimely because it was filed more than thirty days after the removal of this case. Section 1447(c), the code section governing the procedure for motions to remand, provides in relevant part as follows:

> A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (emphasis added).

In the instant case, Plaintiffs filed their motion more than thirty days from the notice of removal. However, they base their motion on lack of subject matter jurisdiction, which they may

3

raise at any time before final judgment. Accordingly, the court finds that the challenge to subject matter jurisdiction is timely raised, although the court acknowledges that it is "no longer considering the propriety of the removal itself but whether *subject matter jurisdiction* exists at all." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n. 64 (11th Cir. 2007) (emphasis in original). The court will proceed to address that question.

      B. The Amount in Controversy

Plaintiffs claim that subject matter jurisdiction does not exist, because nothing in the removal documents indicates the specific amount of damages Plaintiffs are demanding, and thus, the jurisdictional amount has not been established. To decide a challenge to jurisdiction more than thirty days after removal, "the court may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction." *Id.* at 1213 n. 64.

In the instant case, Foretravel presents the figures in paragraph seven of the Complaint as establishing the jurisdictional amount. The court notes that this paragraph is not a paragon of math accuracy (see footnote 2) and includes the value of some items but not all that would be used to calculate Plaintiffs' out-of-pocket damages. The court need not be able to calculate the exact amount of the damages involved but need only determine that the amount claimed exceeds $75,000. Paragraph seven states that Plaintiffs traded in their Foretravel Unihome to purchase the Foretravel motorcoach and that Plaintiffs' equity in the Unihome *alone* exceeds $75,000. Although the *ad damnum* clauses in the Complaint do not give dollar figures, the court's inquiry into the amount in controversy is not limited to those clauses. Counts Two through Five incorporate by reference paragraph seven with its specific figures and request *compensatory*, as well as punitive, damages. Where Plaintiffs included specific monetary figures in their

Complaint, they cannot avoid federal jurisdiction by drafting *ad damnum* clauses with unspecified damages and expecting those clauses alone to control the amount in controversy.

The court finds that the Complaint includes monetary figures establishing that the amount in controversy exceeds $75,000, and that subject matter jurisdiction exists. Accordingly, the court will enter a separate Order DENYING the motion for remand.

Dated this 19th day of August, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE